98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sterling B. SCOTT, II, Plaintiff-Appellant,
v.
James GOMEZ, Director Department of Corrections; Arthur
Calderon, Warden; S. Yearwood; D. Wooten; R. Ingram; B.
Ruiz; G. Boonie Garibay; R. Munoz; H. Bard; V.
Bluestein; Data Processing & Accounting Services; Labcon,
Defendants-Appellees.
 No. 95-17114.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 11, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sterling B. Scott II, a California state prisoner, appeals pro se the district court's denial pursuant to 28 U.S.C. § 1915(d) of his motion to proceed in forma pauperis and the dismissal with prejudice of his 42 U.S.C. § 1983 complaint alleging that he was denied equal protection and due process by prison officials' excluding him from participation in the Joint Venture Program ("JVP"), a program set forth in California Penal Code §§ 2717.1-2717.8 which allows private employers to employ inmates confined in state prison. Prison officials denied Scott's requests for participation in the JVP because Scott is serving a life sentence without a parole date.
 
 
 3
 The district court properly rejected Scott's equal protection claim on the ground that exclusion of inmates with life sentences and no parole dates is reasonably related to the legitimate penological interest of limiting participation to inmates who have a reasonable expectation of being released from prison. See Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 4
 We affirm the district court's dismissal of Scott's due process claim because the denial of work privileges does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." See Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal